## UNITED STATES BANKRUPTCY COURT
## FOR THE
## DISTRICT OF VERMONT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| IAN MILLER and | ) | CASE NO. 11-10762 |
| ROBBIN MILLER | ) | CHAPTER 12 |
|     Debtors | ) | |
| _____ | ) | |
| | ) | |
| IAN MILLER and | ) | ADV. PROC. NO. |
| ROBBIN MILLER, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., WILSHIRE | ) | |
| CREDIT CORPORATION, AND MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, INC., | ) | |
|     Defendants. | ) | |

## COMPLAINT

NOW COME Ian Miller and Robbin Miller, Debtors, and for their complaint state as follows:

### Jurisdictional Statements and Parties

1.    Plaintiffs, Ian Miller and Robbin Miller are the debtors in the above captioned Chapter 12 bankruptcy case.

2.    They commenced this case on August 17, 2011.

3.    Venue of the bankruptcy case is appropriate in this court pursuant to 28 USC §1408. Venue of the instant complaint is appropriate pursuant to 28 USC §1409.

4.    This court has jurisdiction of the bankruptcy case and this complaint pursuant to 28 USC §1334.

5.    Pursuant to 28 USC §157, the district court has referred all bankruptcy cases and related

proceedings to the bankruptcy judges of this district.

6.  This is a core proceeding within the meaning of that statute, and the court has jurisdiction to enter a final judgment.

7.  Upon information and belief, defendant Bank of America, N.A. has an address at 100 North Tryon St., Charlotte, NC 28255.

8.  Upon information and belief, defendant Wilshire Credit Corporation has an address of 14523 S.W. Millikan Way, Suite 200, Beaverton, OR 97005

9.  Upon information and belief, defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS) has a principal office at 1818 Library Street, Suite 300, Reston, VA 20190.

## **Factual Allegations**

10. Ian Miller and Robbin Miller are the the sole owners, in fee simple, of the real property, with the buildings thereon, located at 833 Grow Road, Johnson, Vermont. Hereinafter, references to "the property" mean 833 Grow Road, Johnson, Vermont.

11. On September 22, 2006, the Millers refinanced the mortgage on the property with a note and mortgage given to Mortgage Lenders Network, USA, Inc.

12. The document that purports to be the mortgage was dated September 22, 2006. The proof of claim filed by Bank of America, N.A. does not include the recording information and allegedly secured a note in the amount of $348,000.00.

13. The proof of claim filed by in this case was filed by Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP.

14. No promissory note is attached to the Proof of Claim.

15. The assignment attached to the Proof of Claim is dated August 14, 2009. It is signed by Melissa Tomlin, assistant secretary of MERS as nominee for Mortgage Lenders Network, USA.,

Inc.

16. It is believed that Melissa Tomlin was an employee of Wilshire Credit Corporation.

17. Mortgage Lenders Network, USA, Inc. filed for protection under the bankruptcy code on February 5, 2007, 07-BK-10146, US Bankruptcy Court, District of Delaware (Wilmington).

18. The assignment to Wilshire contains no authority for the transfer of the obligation by the bankruptcy court.

19. Also attached to the Proof of claim is an assignment dated December 5, 2011 from Bank of America, N.A. successor by merger to Wilshire Credit Corp to Bank of America, N.A.. This assignment contains no recording information, nor any information concerning the merger of Wilshire Credit Corp and Bank of America, N.A.

### Count I

20. The Proof of Claim contains no promissory note.

21. The loan was originally in favor of Mortgage Lenders Network, USA, Inc. a company which filed for bankruptcy on February 5, 2007.

22. Bank of America, N.A. has not shown that it is the owner or holder of the Note.

23. A copy of the Proof of Claim filed by Bank of America, N.A. is attached hereto.

### Count II

24. The amounts claimed in the Proof of Claim are incorrect.

25. The Proof of Claim is filed under penalty of perjury.

**WHEREFORE**, Debtors request that the court enter judgment finding any claims filed on behalf of this creditor be disallowed; and that the security interests be deemed void pursuant to 11 USC §506(d); or in the alternative declaring the identity of the actual holder of the mortgage and note, compelling the holder to provide them with a complete accounting of the obligation and determine the actual amount of the claim, if any; together with attorneys fees, costs, and such

other or different relief as may be appropriate to the facts as determined at trial.

Dated at Rutland, Vermont, this 2nd day of March, 2012.


/s/Rebecca A. Rice
Rebecca A. Rice, Esq.
Cohen & Rice
Attorney for the Debtors
26 West St.
Rutland, VT 05701
802-775-2352
e-mail: Steeplbush@aol.com