*Formatted for Electronic Distribution*                                             *Not for Publication*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

Filed & Entered
On Docket
June 23, 2014

_____

**In re:**

    **Ian and Robin Miller,**                                                    **Chapter 12**
                **Debtors.**                               **Case # 11-10762**

_____

**Ian and Robin Miller,**
                **Plaintiffs,**                               **Adversary Proceeding**
    **vs.**                                                                         **# 12-1005**
**Bank of America, N.A., Wilshire Credit**
**Corporation, and Mortgage Electronic**
**Registration Systems, Inc.,**
                **Defendants.**

_____

| | | |
|---|---|---|
| *Appearances:* | *Kevin M. Henry, Esq.* | *Rebecca A. Rice, Esq.* |
| | *Primmer, Piper, Eggleston & Cramer, P.C.* | *Cohen & Rice* |
| | *Burlington, VT* | *Rutland, VT* |
| | *For Defendants* | *For Plaintiffs* |

**MEMORANDUM OF DECISION**
**DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Ian and Robin Miller (the "Plaintiffs") commenced this adversary proceeding by filing a complaint challenging the validity of a proof of claim ("POC") filed in their bankruptcy case. Bank of America, N.A. ("BOA"), Wilshire Credit Corporation ("Wilshire"), and Mortgage Electronic Registration Systems ("MERS"), Inc. (collectively, the "Defendants") moved for summary judgment, asserting that there were no issues of material fact and they were entitled to judgment in their favor as a matter of law. For the reasons set forth below, the Court finds that the Defendants have failed to demonstrate that no reasonable fact-finder could return a verdict for the Plaintiffs. Accordingly, the Court denies the Defendants' motion.

JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by Chief Judge Christina Reiss on June 22, 2012. The Court declares the claims addressed by the instant summary judgment motion to be core matters under 28 U.S.C. § 157(b)(2)(B) and (K), over which this Court has constitutional authority to enter a final judgment.

1

PROCEDURAL HISTORY AND UNDISPUTED MATERIAL FACTS

On August 17, 2011, the Plaintiffs filed a petition for relief under Chapter 12 of the Bankruptcy Code. On December 19, 2011, BOA filed a POC alleging that the Plaintiffs were indebted to it in the amount of $414,022.47, and that the debt was secured by a mortgage on real property located in Johnson, Vermont. BOA attached to the POC: (1) a mortgage dated September 22, 2008, in favor of MERS as nominee for Mortgage Lenders Network USA, Inc., d/b/a Lenders Network ("Lenders Network"); (2) an assignment of the mortgage, dated August 14, 2009, executed by MERS on behalf of Lenders Network and transferring the mortgage to Wilshire; and (3) an assignment of the mortgage, dated December 5, 2011, which transferred the mortgage to BOA as successor in interest to Wilshire. No promissory note was attached to the POC.

On March 3, 2012, the Plaintiffs filed the instant adversary proceeding, seeking an order disallowing the claim and invalidating the mortgage on two grounds: (1) BOA had not demonstrated that it had standing to enforce the note; and (2) the amounts claimed in the POC were incorrect (doc. # 1) (the "Complaint"). Alternatively, as alternative relief, the Plaintiffs requested the Court determine the proper amount owed to the proper entity. The Defendants answered the Complaint, generally denying that the Plaintiffs were entitled to any relief (doc. # 5).

Subsequently, the Defendants moved for partial summary judgment pursuant to Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56, alleging there are no material fact in dispute, and they are entitled to judgment as a matter of law, relating to the Defendants' standing to file a POC (doc. # 35) (the "Motion"). On April 30, 2014, the Plaintiffs responded with a request that the Court deny the Motion, alleging that the Defendants' evidence was insufficient to demonstrate that they were entitled to relief (doc. # 36) (the "Response"). The Defendants did not file a reply. Accordingly, the matter was fully submitted, and the Court took the matter under advisement.

DISCUSSION

Summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56; Fed.R.Bankr.P. 7056; see also Bronx Household of Faith v. Bd. of Educ. of the City of New York, 492 F.3d 89, 96 (2d Cir. 2007). The moving party bears the burden of showing that no genuine issue of material fact exists. See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In making its determination, the court's sole function is to determine

2

whether there is any material dispute of fact that requires a trial.  <u>Anderson</u>, 477 U.S. at 249; <u>see also</u>

<u>Palmieri v. Lynch</u>, 392 F.3d 73, 82 (2d Cir. 2004).  In determining whether there is a genuine issue of

material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party.  <u>See</u>

<u>Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.</u>, 448 F.3d 573, 579 (2d Cir

2006).

A claimant bears the initial burden of alleging facts sufficient to support a proof of claim. <u>In re</u>

<u>Smith</u>, No. 12-10142, 2013 WL 665991 at *6 -7 (Bankr. D. Vt., Feb. 22, 2013).  A claimant may

demonstrate standing to file a proof of claim relating to a claim secured by real property by establishing

held the note on the day the debtors filed their petition.  <u>In re Parker</u>, 445 B.R. 301, 306 (Bankr. D. Vt.

2011); 9A V.S.A. § 3-301; <u>see also</u> <u>U.S. Bank Nat'l Ass'n v. Kimball</u>, 2011 VT 81,¶ 13, 190 Vt. 210, 27

A.3d 1087 (Vt. 2011) (holding that, to enforce a note, a claimant must show that it was the holder of the

note at the time that the complaint was filed).  An entity may be the holder of a note if it is in possession

of a note indorsed in blank.  9A V.S.A. §§ 3-201, 3-205(b).

Alternatively, an entity may be entitled to enforce a note if it can prove (1) it was in possession of

the instrument and entitled to enforce it when loss of possession occurred, (2) the loss of possession was

not the result of a transfer or a lawful seizure, (3) it cannot reasonably obtain possession of the instrument

because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful

possession of an unknown person or a person that cannot be found or is not amenable to service of

process, and (4) the terms of the note and its right to enforce the note.  9A V.S.A. § 3-309; <u>Ag Venture</u>

<u>Financial Services, Inc. v. Montagne</u>, 421 B.R. 65, 76-78 (Bankr. D. Vt. 2009).  However, mere

conclusory recitations of the elements necessary to establish the right to enforce a note, particularly when

listed in the alternative, are insufficient to establish standing to file a proof of claim.  <u>See</u> <u>U.S. Bank</u>

<u>National Association v. Lisman</u>, No. 488-12-13, at *1 (Vt. Super., Feb. 14, 2014); <u>see also</u> <u>von Bulow v.</u>

<u>von Bulow</u>, 811 F.2d 136, 146 (2d Cir. 1987) (rejecting conclusory assertions as insufficient to establish

attorney client privilege).

Here, the gravamen of the Complaint is that the Defendants failed to establish standing to file their

POC, because the POC does not contain a copy of the promissory note (doc. # 1, ¶ 20).  In the Motion, the

Defendants attempt to rectify this deficiency by asserting that Lenders Network endorsed the promissory

note in blank, and BOA or its predecessor had possession of the note on or before March 6, 2010 (doc. #

35 at 2, 4).  The Defendants attached to the Motion (1) a copy of the note indorsed in blank and undated,

and (2) a lost note affidavit (the "Affidavit"), stating that although BOA "or its predecessor (as servicer or

by merger) or the custodian" had possession of the original note on or before March 6, 2010, the note had

since been "destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person" and "the loss of possession ... [was] not the result of a rightful transfer or a lawful seizure" (doc. # 35-2 at 2-4, 35-36).

The Plaintiffs respond that the Defendants are not entitled to judgment as a matter of law because, to have standing to file the POC, they must have had possession of the endorsed note on the date the Debtors filed their petition (doc. # 36).  Further, the Plaintiffs observe that (1) the Affidavit does not clearly identify which entity had possession of the note as of March 6, 2010, and (2) the endorsement in blank was undated (doc. # 36 at 2-3).  Moreover, the Plaintiffs state that the Affidavit was comprised of mere conclusory assertions aimed to satisfy the bare legal requirements of entitlement to enforce a note (doc. # 36 at 3-5).  Finally, the Plaintiffs contend that BOA has the burden of proving its authority to service the note, as its standing has been challenged and its role as servicer was only first disclosed in the Motion (doc. # 36 at 5-6).

Initially, the Court addresses the Plaintiffs' observation that the indorsement is undated.  The Court infers that the Plaintiffs are arguing that the note could have been endorsed *after* BOA or one of the other listed entities came into possession of the note on or before March 6, 2010.  The Court finds such an argument to be unavailing.  The Defendants' lost note affidavit states (1) that BOA or one of the other listed entities "acquired possession of the *Note* on or before March 6, 2010;" and (2) "Attached as Exhibit A is a copy of the note ("*Note*")" (doc. # 35-2 at 35) (emphasis added).  Further, Exhibit A is a copy of the note endorsed in blank (see doc. # 35-2 at 2-4).  Thus, the Court finds that the Defendants' evidence is sufficient to establish that the note was endorsed in blank as of March 6, 2010, well before the Plaintiffs filed the instant Chapter 12 petition, on August 11, 2011.  Accordingly, whichever entity had possession of the note on that, or a subsequent, date would have had the right to enforce the note in this case.  See 9A V.S.A. § 3-301.

The Court is, however, persuaded by the Plaintiffs' argument that the evidence is insufficient to establish that BOA had standing to file a POC.  Here, the evidence supports only a finding that one of four different entities could have had possession of the note as of March 6, 2010 (BOA, its predecessor in interest by merger, the servicer of the note as of March 6, 2010, or the custodian (see doc. # 35-2 at 35).  There is no evidence as to the note's status at later, more relevant dates.  Presumably, the Affidavit intends to imply that one of the listed entities had possession of the note from March 6, 2010, until the note was lost, and that that entity's interests transferred to BOA.  Thus, whether the note was lost pre- or post-petition, BOA would have had the right to enforce the note as of the petition date.  See In re Parker, 445 B.R. at 306; Montagne, 421 B.R. at 76-78.  However, the Affidavit does not clearly state this.  Based on

4

the following scenarios inferable from the Affidavit, therefore, the Court must conclude that the Defendants have failed to meet their burden of proving entitlement to summary judgment. See Beth Israel Med. Ctr., 448 F.3d at 579.

Here, the Affidavit merely states that one of the entities had possession of the original note on or before March 6, 2010, and the note had since been lost. Thus, the Court could infer that the note was later transferred to a separate, non-listed entity, and then lost. Even assuming that the Affidavit clearly stated that one of the listed entities was in possession of the note until it was lost, the Affidavit indicates, e.g., that the note could have been in possession of the "custodian." Further, there is no indication of who the custodian is, or its relationship to the Defendants, or whether the custodian's right to enforce the note was properly transferred to the Defendants.

Finally, even if the Affidavit clearly stated, e.g., that BOA had possession of the note on March 6, 2010, and was in possession of the note until it was lost or "destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person," the Court would find that the Defendants have failed to establish entitlement to summary judgment. This case is distinguishable from Montagne, where the Court found that the claimant had established its right to enforce the lost note. See 421 B.R. at 76-78. There, the claimant presented significant evidence as to its normal business practices, its efforts to locate the note and the circumstances that led to the note's disappearance. See id. Here, by contrast, the Defendants have merely offered conclusory, alternative explanations for how the note could have been lost (see doc. # 35-2 at 36). Such statements do not satisfy the Defendants' burden of proof. See Lisman, No. 488-12-13, at *1. Given the weakness of such assertions, a reasonable trier of fact could conclude that the Defendants were unsure of which entity had the right to enforce the note as of the petition date, and merely submitted the Affidavit in an attempt to establish BOA's standing to file the POC after the fact.

Nevertheless, the Defendants' failure to meet their burden of proving that BOA had the right to enforce the note as of the petition date is not fatal to BOA's POC. See Montagne, 421 B.R. at 80-83. The Defendants may further supplement the record with evidence which supports a finding that BOA had standing to file their POC. Such evidence must show that BOA had the right to enforce the note as of the petition date, and must include proof that BOA either had possession of the note on the petition date, or was in possession of the note when it was lost in accordance with the conditions of 9A V.S.A. § 3-309. Whether or not such evidence includes proof of BOA's authority to act as a servicer is irrelevant if BOA meets its burden as set forth above.

5

CONCLUSION

For the reasons set forth above, the Court finds that the Defendants have failed to prove they are entitled to summary judgment.  Therefore, the Defendants' Motion is denied, without prejudice to the Defendants' right to present additional evidence in support of BOA's standing to file a POC in this case.

This memorandum constitutes the Court's findings of fact and conclusions of law.

_____

June 23, 2014                                               Colleen A. Brown
Burlington, Vermont                                   United States Bankruptcy Judge